(August 20, 1990)

■ AMVET MANAGEMENT CORP., Individually and as a Partner in and on Behalf of NYACK PLAZA ASSOCIATES, Plaintiff, v ELAINE HYMAN, Defendant, and ARTHUR N. ABBEY, Appellant. JAY HYMAN, Additional Counterclaim Respondent. (And a Related Action.)—In related actions, *inter alia*, to recover damages for breach of contract, Arthur N. Abbey appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), entered June 17, 1988, which, upon granting Jay Hyman's motion to enforce a prior stipulation between the parties, is in his favor and against the appellant in the principal sum of $10,000.

Ordered that the order and judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a hearing and new determination in accordance herewith.

Upon our review of the record, we conclude that there is insufficient information contained therein to enable us to render a determination on the merits. Accordingly, the matter is remitted to the Supreme Court to resolve the factual issues presented on this appeal. Specifically, the Supreme Court is directed to determine whether the deficiency judgment in question has in fact been satisfied or will be satisfied by virtue of a valid agreement existing between Jay Hyman and the purchasers of the subject property. Additionally, the Supreme Court is instructed to evaluate the appellant Abbey's claim that he had no interest in the property.

However, we do not accept the appellant Abbey's assertion that the term "monies" as it was used in the stipulation between the parties is limited solely to cash. The language of the stipulation itself demonstrates the unequivocal intention of the parties that Hyman be reimbursed for one half of any deficiency judgments satisfied by him. Under this set of facts and circumstances, if a deficiency judgment has been satisfied, it is immaterial that the satisfaction was effectuated by a third party who in turn reduced the purchase price of property being purchased from Mr. Hyman by the amount paid to

satisfy the deficiency judgment. Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.