■ AMVET MANAGEMENT CORP., Plaintiff, v ELAINE HYMAN, Defendant, ARTHUR N. ABBEY, Appellant, and JAY HYMAN, Respondent. (And a Related Action.) [626 NYS2d 225] —In related actions, *inter alia,* to recover damages for breach of contract, Arthur Abbey appeals from a judgment of the Supreme Court, Rockland County (Fitzer, J.H.O.), dated December 13, 1992, which, after a hearing and upon granting Jay Hyman's motion for summary judgment, is in favor of Jay Hyman and against Arthur Abbey in the principal sum of $10,000 and awards Jay Hyman counsel fees of $5,000.

Ordered that the judgment is reversed, with costs, and Jay Hyman's motion for summary judgment is denied.

The appellant, Arthur Abbey, and the respondent, Jay Hyman, invested in real estate in Hawaii prior to the decline of the real estate market in the 1980's. When the real estate market declined, several of the properties that they had owned were foreclosed, and deficiency judgments were entered. Abbey and Hyman thereafter stipulated that each would pay one-half of the monies required to "settle or otherwise resolve" the deficiency judgments. At issue on this appeal is whether Hyman settled or resolved one of the deficiency judgments.

In 1986, in an unrelated real estate transaction to which Abbey was not a party, Hyman sold some property to a group of investors. As part of the financing of this unrelated sale, the investors agreed to assume liability for a $20,000 deficiency judgment that had arisen from the aforementioned joint transactions of Hyman and Abbey. Hyman then sought reimbursement from Abbey for half of the judgment, i.e., $10,000, on the ground that the investors' assumption of the $20,000 deficiency judgment was a settlement or resolution of the judgment within the meaning of his stipulation with Abbey. After proceedings in the Supreme Court and this Court *(Amvet Mgt. Corp. v Hyman,* 164 AD2d 899), the Supreme Court ultimately awarded Hyman summary judgment in the principal sum of $10,000. We now reverse.

Based on the holding of this Court in the prior appeal *(Amvet Mgt. Corp. v Hyman, supra)* and our reading of the

stipulation, we hold that the "settle or otherwise resolve" language of the stipulation concerns only settlements and/or resolutions of the deficiency judgments with the judgment creditors. Since no evidence was presented to the Supreme Court that the judgment creditor in question has been paid or has otherwise released Abbey and Hyman from the debt, summary judgment in favor of Hyman was not warranted *(see, Amvet Mgt. Corp. v Hyman, supra;* Osborne, Mortgages § 248, at 503 [2d ed]). Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.